UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE THE GOODYEAR TIRE & RUBBER COMPANY ERISA LITIGATION | Case No. 5:03CV02182<br>JUDGE JOHN R. ADAMS |

ORDER AND FINAL JUDGMENT

And now this  22nd  day of  October   , 2008

(a) Upon consideration of all documents filed in support of (i) Plaintiffs' Motion for Final Approval of Proposed Settlement, Certification of Settlement Class, Approval of Plan of Allocation and Entry of Order and Final Judgment ("Final Approval Motion"); and (ii) Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Compensation to Class Representatives and Compliance with Notice Plan ("Compensation Motion") (collectively, the "Motions"), and the one objection filed to granting the Final Approval Motion;

(b) The Court having entered on December 12, 2007, an Order Granting Preliminary Approval of Settlement, Conditional Certification of Settlement Class, Approving Form and Method of Notice and Setting a Date and Time for Fairness Hearing ("Preliminary Approval Order");

(c) The Court having received declarations attesting to the mailing of the Class Notice and the publication of the Summary Notice, as well as the publication of the Class Notice and the Compensation Motion on the website designated in the Class Notice in accordance with the Preliminary Approval Order;

(d) The Court having been advised that Fiduciary Counselors Inc., the Independent Settlement Fiduciary retained by Goodyear to approve the Settlement on behalf of the Plan, and that such fiduciary has (i) authorized the Settlement in accordance with Prohibited Transaction Class Exemption 2003-39, and/or found that the Settlement does not constitute a prohibited transaction under ERISA § 406(a); and (ii) approved the Settlement and given the release for and on behalf of the Plan as provided for in the Settlement Agreement; and

(e) A hearing having been held before this Court on October 16, 2008 (the "Final Approval Hearing") (i) to determine whether to grant the Final Approval Motion; (ii) to determine whether to enter the proposed Plan of Allocation; (iii) to determine whether to grant the Compensation Motion; and (iv) to rule upon such other matters as the Court might deem appropriate,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning ascribed to them in the Class Action Settlement Agreement, as amended May 22, 2008, a true and correct copy of which is attached hereto as Exhibit 1.

2. The Court has jurisdiction over the subject matter of this Action, including all members of the Settlement Class and all Defendants pursuant to 29 U.S.C. § 1132(e).

3. The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Settlement Agreement as its judgment, and orders that the Settlement Agreement shall be herewith effective, binding, and enforced according to its terms and conditions.

4. The Court determines that the Settlement Agreement was negotiated vigorously, in good faith, and at arm's length, by Lead Plaintiffs and Class Counsel on behalf of the Plan and

the Settlement Class members.  The Court is aware that the Settlement was reached after an intensive mediation session presided over by a former federal judge.  The Court finds that the Lead Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class members.  The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5. The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Lead Plaintiffs and the Settlement Class and that the Plan does not have any additional claims above and beyond those asserted by Lead Plaintiffs that are released as a result of the Settlement.  The Court finds further that Goodyear engaged an Independent Settlement Fiduciary to review the Settlement, and that such fiduciary has (i) authorized the Settlement in accordance with Prohibited Transaction Class Exemption 2003-39, and found that the Settlement does not constitute a prohibited transaction under ERISA § 406(a); and (ii) approved the Settlement and given the release for and on behalf of the Plan as provided for in the Settlement Agreement.  *See* Revised Report of the Independent Fiduciary for the Proposed Settlement in the *Goodyear Tire & Rubber Company ERISA Litigation*, dated October 14, 2008, submitted as Exhibit A to Plaintiffs' Notice of Filing Revised Report of the Independent Fiduciary in Support of Plaintiffs' Motion for Final Approval of Proposed Settlement, Certification of Settlement Class, Approval of Plan of Allocation and Entry of Order and Final Judgment (Docket No. 193).

6. The Court determines that the Settlement is not part of an agreement, arrangement or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, Plan Participants, and Beneficiaries.

7. The Court determines that the negotiation and consummation of the Settlement by Lead Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

8. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Court finds that the Settlement Class has been given proper and adequate notice of: the Settlement Agreement, the Fairness Hearing, the Compensation Motion and the proposed Plan of Allocation; such notice having been carried out in accordance with the Preliminary Approval Order. The Class Notice, Summary Notice and notice plan implemented pursuant to the Settlement Agreement, the Preliminary Approval Order and the Court's Order Granting Approval of Revised Notice Plan and Time for Fairness Hearing (Docket No. 186) (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and other applicable law.

9. The Court finds that the Settlement Agreement in this action warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair, adequate, and reasonable to those it affects and in the public interest based upon (a) the likelihood of success on the merits weighed against the amount and form of relief offered in the

Settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) the fairness of the Settlement to the unnamed Settlement Class members; (f) the lack of objections raised by Settlement Class members and the Independent Settlement Fiduciary identified in the Settlement Agreement; (g) the fact that the Settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (h) the fact that this Settlement is consistent with the public interest. *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich,* 720 F.2d 909 (6th Cir. 1983)).

10. The Court hereby approves the maintenance of this Action as a mandatory non-opt-out class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1). The Settlement Class consists of the following individuals:

> All persons who were participants in or beneficiaries of The Goodyear Tire & Rubber Company Employee Savings Plan for Salaried Employees or The Goodyear Tire & Rubber Company Employee Savings Plan for Bargaining Unit Employees (collectively the "Plan" as defined in the Settlement Agreement) at any time between January 1, 1998 and December 12, 2007 and whose accounts included investments in Goodyear stock excluding any Defendants or their immediate family members.

11. The Court finds that such a class meets the prerequisites for a class action under Fed. R. Civ. P. 23 in that:

a. The Settlement Class, consisting of approximately forty thousand members, is so numerous that joinder all of its members would be impracticable;

b. There are questions of fact and law common to the Settlement Class, including whether the Defendants breached their fiduciary duties with respect to investments in the

Goodyear Stock Fund; whether Defendants breached their fiduciary duties by failing to provide complete and accurate information to participants; and whether the Plan suffered losses;

  c. The Lead Plaintiffs, George W. Loomis, Richard A. Lindstrom, Joseph Prather, Sharese Prather, and Johnny T. Dyer, are members of the Settlement Class, and their claims are typical of the claims of the Settlement Class;

  d. The Lead Plaintiffs are suitable for appointment as representatives of the Settlement Class and have and will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of Lead Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Lead Plaintiffs and the Settlement Class; and (iii) the Lead Plaintiffs have retained qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions;

  e. The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action;

  f. The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests;

  h. The definition of the Settlement Class is sufficiently precise and proper notice was provided to the Settlement Class; and

i. Class Counsel is appropriately qualified and suitable for appointment to represent the Settlement Class, in that Class Counsel has done extensive work identifying and investigating potential claims in the Action, and has vigorously and ably represented the interests of the Settlement Class throughout this litigation; Class Counsel is experienced in handling class actions, other complex litigation and claims of the type asserted in the Action; Class Counsel is knowledgeable of the applicable law; and Class Counsel has committed the necessary resources to represent the Settlement Class pursuant to Fed. R. Civ. P. 23(a)(4) and 23(g).

12. One member of the Settlement Class filed an objection to the Settlement Agreement. Having reviewed and considered this objection, the Court finds that the objection does not warrant rejection of the Settlement

13. The Final Approval Motion hereby is GRANTED, and the Settlement hereby is APPROVED as fair, reasonable, adequate, and in the public interest and the terms of the Settlement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of participants and beneficiaries of the Plan in compliance with ERISA. The Parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

14. The Plan of Allocation attached hereto as Exhibit 2 is hereby APPROVED as fair, adequate, and reasonable. *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. at 529. Class Counsel and the Settlement Plan Administrator or its designee are directed to administer the Settlement Fund in accordance therewith, and to distribute the Net Proceeds to all eligible members of the Settlement Class (who include current and former Plan participants and their beneficiaries, but exclude the individual named defendants in this action) in accordance with the Settlement Agreement and the Plan of Allocation, and to do so without the necessity of obtaining further order of the Court. In this regard, pursuant to the terms of the Settlement Agreement, Class

Counsel are expressly authorized to pay the costs of implementing the Plan of Allocation from the Settlement Fund without the necessity of obtaining further order of the Court, notwithstanding that this Order has not yet become Final as that term is defined in the Settlement Agreement.

15. The Court hereby appoints Epiq Systems Class Action & Claim Solutions to act as the Settlement Plan Administrator as detailed in the Settlement Agreement.

16. Based on the work performed by Class Counsel and the results achieved, the Compensation Motion hereby is GRANTED. Having reviewed the record, and the evidence presented in support of the Compensation Motion, including, but not limited to, the declaration of Class Counsel, the Court finds that Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances, and strengths and weaknesses of their respective positions. The Settlement was not reached until after the Court had resolved Defendants' motions to dismiss, the parties had engaged in preliminary document discovery and had embarked on more extensive document and deposition discovery, as well as extensive negotiations directly and with the assistance of a professional mediator. Class Counsel and counsel for Defendants, thus, were well-positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

17. Class Counsel's requested fee award of 25% is reasonable when evaluated in light of (a) the value of the benefit rendered to the Settlement Class; (b) the value of the services on an hourly basis; (c) the fact that the services were undertaken on a contingent fee basis; (d) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to

others; (e) the complexity of the litigation; and (f) the professional skill and standing of counsel involved on both sides.  *Bowling v. Pfizer, Inc*., 102 F.3d 777, 779 (6th Cir. 1996).

18. Accordingly, Class Counsel are hereby awarded attorneys' fees in the amount of 25% of the cash Settlement Fund ($8.375 million, plus interest earned on the Settlement Fund), which the Court finds to be reasonable under the circumstances of this case.  Class Counsel are further awarded the sum of $63,293.23 as reimbursement of costs and expenses, which the Court finds were reasonably incurred for the benefit of the Settlement Class in prosecuting the Settlement Class's claims and in obtaining the Settlement.  The awarded attorneys' fees and costs and expenses are to be paid out of the Settlement Fund to Class Counsel pursuant to the terms of the Settlement Agreement.  Class Counsel, in its discretion, shall allocate a portion of the fees and expenses awarded to other counsel for Plaintiffs who performed work at Class Counsel's direction based on Class Counsel's determination of the contributions such counsel made in the prosecution of the Action.

19. Class Counsel's request for Settlement Class Representative Compensation in the amount of $5,000 each is fair and reasonable in light of the Settlement Class Representatives' contribution to the litigation on behalf of the Class, including providing information to Class Counsel, reviewing and approving pleadings, assisting with discovery and participating in settlement discussions.  Accordingly, the Settlement Class Representatives, George W. Loomis, Richard A. Lindstrom, Joseph Prather, Sharese Prather and Johnny T. Dyer hereby are awarded $5,000 each, payable from the Settlement Fund pursuant to the terms of the Settlement Agreement.  In addition, John Tyler, who served as a named plaintiff in the Action, is hereby awarded $5,000, payable from the Settlement Fund pursuant to the terms of the Settlement Agreement.

20. Jurisdiction is hereby retained over this Action and the Parties, the Plan, and the Settlement Class members for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Settlement Class.

21. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

22. As provided in the Settlement Agreement, the following Definitions are hereby adopted for purposes of this Order and Final Judgment:

a. "Defendants" shall mean: The Goodyear Tire & Rubber company; the Director Defendants, unnamed Pension Committee Defendants, including all persons who were designated as members of the Pension Committee, or functioned as an alternative for any member, at any time during the class period specified in the Complaint; and unnamed Investment Committee Defendants, including all persons who were designated as members of the Investment Committee, or functioned as an alternative for any member, at any time during the class period specified in the Complaint; and any other Person named as a defendant in this Action or any of the actions consolidated into this Action, including unknown John Doe Defendants 1-20.

b. "Director Defendants" shall mean: Defendants Samir G. Gibara, Robert J. Keegan, John G. Breen, William E. Butler, Thomas H. Cruikshank, Katherine G. Farley, William J. Hudson, Jr., Steven A. Minter, Agnar Pytte, George H. Schofield, William C. Turner, Martin D. Walker, Edward T. Fogarty, Philip A. Laskawy, James M. Zimmerman, Susan E. Arnold,

James C. Boland, Gary D. Forsee, Kathryn D. Wriston, Rodney O'Neal and Shirley D. Peterson.

  c. "Effective Date" shall mean: the date on which this Order and Final Judgment becomes Final.

  d. "Final" shall mean: with respect to any judicial ruling or order, that the period for any appeals, petitions, motions for reconsideration, rehearing or certiorari or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand. Notwithstanding any other provision hereof, this Order and Final Judgment shall be deemed Final without regard to whether (i) the Court has entered an order regarding the award of legal fees and expenses; (ii) any order referred to in (i) above, if entered, has become Final; or (iii) any order referred to in (i) is reversed or modified on appeal.

  e. "Insurer" shall mean: Travelers Casualty and Surety Company of America, and its respective Representatives and reinsurers.

  f. "Lead Plaintiffs" shall mean: George W. Loomis, Richard A. Lindstrom, Joseph Prather, Sharese Prather, and Johnny T. Dyer.

  g. "Parties" shall mean: the Lead Plaintiffs and Defendants.

  h. "Person" shall mean:  an individual, partnership, corporation, governmental entity or any other form of entity or organization.

  i. "Representatives" shall mean: a Person including but not limited to attorneys, agents, directors, officers, fiduciaries and employees.

23. <u>Released Claims</u>.  Subject to paragraphs 27 and 28 below, upon the Effective Date, Lead Plaintiffs, on behalf of themselves and the Settlement Class, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of, all of the Defendants and any Person that at any time served as a named or functional fiduciary or a trustee of the Plan, as well as any Representatives of Defendants or any such Person, including but not limited to their attorneys, agents, directors, officers, fiduciaries, and employees, Hewitt Associates LLC, ,and the Insurer (the "Released Parties") from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, and costs whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the Lead Plaintiffs, by or on behalf of the Plan, and/or by any member of the Settlement Class, and arise out of the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the Action, including but not limited to, claims based on a) breach of ERISA fiduciary duties to the Plan, to the Lead Plaintiffs, to the Settlement Class, and to the other participants and beneficiaries of the Plan in connection with the acquisition and direct or indirect holding of Goodyear common stock and/or units of the Goodyear Stock Fund by the Plan or the Plan's participants; (b) violation of ERISA duties resulting from the failure to provide complete and accurate information to the Plan's fiduciaries or the Plan's participants and beneficiaries regarding Goodyear, Goodyear common stock and/or the Goodyear Stock Fund; (c) failure to appoint, remove and/or adequately monitor the Plan's fiduciaries; (d) violation of

ERISA duties related to the acquisition, disposition, or retention of Goodyear common stock and/or units of the Goodyear Stock Fund by the Plan; (e) claims that would be barred by principles of *res judicata* had the claims asserted in the Action been fully litigated and resulted in a final judgment or order; (f) the recovery, processing, or furnishing of any data needed to determine the amount of distributions from the Settlement Fund or to implement the Plan of Allocation; and (g) the method and manner of the distribution of the Settlement Fund and the Plan of Allocation to the extent consistent with the Plan of Allocation or otherwise ordered by the Court (collectively, "Released Claims"); and any and all other claims asserted in the Complaint.

24.  <u>Releases of Lead Plaintiffs, Plan, Settlement Class, Class Counsel and Other Counsel for Lead Plaintiffs</u>.  Subject to paragraphs 27 and 28 below, upon the Effective Date, the Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of the Lead Plaintiffs and their counsel with respect to the Action, including but not limited to Class Counsel and Liaison Counsel, the Plan, the Settlement Class, from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the Defendants and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the Action, or the method and manner of the distribution of the Settlement Fund and the

Plan of Allocation, to the extent consistent with the Plan of Allocation or otherwise ordered by the Court.

25. <u>Reciprocal Releases among the Defendants</u>. Upon the Effective Date, each Defendant absolutely and unconditionally releases and forever discharges each and every other Defendant from any and all claims relating to the Released Claims, including any and all claims for contribution or indemnification for such claims.

26. <u>Release Under California Civil Code § 1542</u>. Except for the obligations arising under the Settlement Agreement, the Parties shall expressly and completely waive and release any and all currently unsuspected, unknown, or partially known claims within the scope of their express terms and provisions. Lead Plaintiffs shall be deemed to have expressly waived, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plan, and the Defendants shall be deemed to have expressly waived, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction. Section 1542 reads in pertinent part:

> A general release does not extend to claims that the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Lead Plaintiffs, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plan, and the Defendants, shall be deemed to have expressly acknowledged that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was separately bargained for and that neither the Lead Plaintiffs, on the one hand, nor the Defendants on the other, would enter into this Settlement Agreement unless it included a

broad release of unknown claims.  The Lead Plaintiffs, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plan, and the Defendants, shall be deemed to have expressly agreed that all release provisions in the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, and future claims, demands, and causes of action.  The Lead Plaintiffs shall be deemed to have assumed for themselves, and on behalf of the Settlement Class and on behalf of the Plan, and the Defendants, shall be deemed to have assumed for themselves, the risk of his, her or its respective subsequent discovery or understanding of any matter, fact, or law, that if now known or understood, would in any respect have affected his, her, or its entering into the Settlement Agreement.

27. <u>Scope of Releases</u>.  The releases set forth in paragraphs 23, 24, 25 and 26 of this Order and Final Judgment (the "Releases") shall not include the release of any rights or duties arising out of this Settlement Agreement, including the express warranties and covenants in this Settlement Agreement.

28. <u>Persons and Claims Not Released</u>.  Nothing in the Settlement Agreement, nor the dismissal of the Action, shall release, bar, waive, or otherwise affect any ERISA Section 502(a)(1)(B) claim for vested benefits by any participant or beneficiary of the Plan where such claims are unrelated to any matter asserted in this Action, or any claim that cannot be released as a matter of law.  Nothing in the releases set forth in paragraphs 23, 24, 25 and 26 (the "Releases") are intended to release any claims against the Independent Settlement Fiduciary arising from the negligent acts or omissions of the Independent Settlement Fiduciary in its review and evaluation of the Settlement or the Settlement Plan Administrator arising from the negligent acts or omissions of the Settlement Plan Administrator in the performance of its

services with respect to the Settlement.  The Releases are not intended to include the release of any rights or duties arising out of this Settlement Agreement, including the express warranties and covenants in this Settlement Agreement.

29. Upon this Order and Final Judgment becoming Final, all counts asserted in the Complaint will be dismissed with prejudice without further order of the Court pursuant to the terms of the Settlement Agreement.  In addition, the Lead Plaintiffs and the Settlement Class and the Plan shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released and are forever barred from the prosecution of, any and all Released Claims.  In the event that the Settlement Agreement is terminated in accordance with its terms, however:  (a) this Judgment shall be null and void and shall be vacated *nunc pro tunc*; and (b) this Action shall proceed as provided in the Settlement Agreement.

30. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED, ADJUDGED AND DECREED.


Dated:  ___October 22, 2008_____.                    _/s/ John R. Adams_____
                                                                                             John R. Adams
                                                                                             United States District Judge