**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE THE GOODYEAR TIRE & RUBBER COMPANY ERISA LITIGATION** | **Case No. 5:03CV02182** <br> **JUDGE JOHN R. ADAMS** |

**ORDER APPROVING PLAN OF ALLOCATION**

This matter having come before the Court pursuant to the Class Action Settlement Agreement as amended May 22, 2008 ("Settlement Agreement"), and specifically provision 8.3 thereof, and on Plaintiffs' Motion for Final Approval of Proposed Settlement, Certification Of Settlement Class, Approval of Plan of Allocation and Entry of Order and Final Judgment filed October 9, 2008, and the matter having been heard and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the following Plan of Allocation is adopted:**

I. **Definitions**

A.    All capitalized terms shall have the same meaning as they are given in the Settlement Agreement, unless specifically set forth otherwise in this Plan of Allocation. The following definitions shall apply to the Plan of Allocation methodology:

1.    **"Account"** means the account maintained on behalf of a participant in the Plan.  For Members who are Current Plan Participants, "Account" means the account in place for him or her from time to time within the Plan beginning with the first day of the Settlement Class Period or, if no units in the Goodyear Stock Fund were held on that date, the first date the Plan recorded his or her holding units in the Goodyear Stock Fund to the date of allocation.  For Members who are Former Plan Participants, "Account" means the account that was in place for him or her from time to time within the Plan beginning with the first day of the Settlement Class Period or, if no units in the Goodyear Stock Fund were held on that date, the first date that the Plan recorded his or her holding units in the Goodyear Stock Fund, to the date that the Former Plan Participant received a complete distribution from the Plan or the date his or her Plan Account was transferred to a successor plan.

2.    **"Member"** shall mean a Current or Former Plan Participant whose Plan Account held units in the Goodyear Stock Fund during the Settlement Class Period and who is a member of the Settlement Class, including (1) those persons designated as an alternate payee under a Qualified Domestic Relations Order ("QDRO") who received a payment or became eligible to receive a payment from a Settlement Class member's account pursuant to the terms of the QDRO prior to the end of the Class Period; and (2) those persons designated as a death beneficiary and received a distribution or became entitled to receive a distribution from a deceased Settlement Class member's account prior to the end of the Class Period, provided "Member" shall not include any of the Defendants or their immediate family members per the terms of the Settlement Agreement.

3.    **"Current Plan Participant"** shall mean: (i) a participant in the Plan whose Plan Account held units in the Goodyear Stock Fund during the Settlement Class Period

and who, as of the Reference Date, is either employed by Goodyear or a subsidiary of Goodyear or who, while no longer employed by Goodyear or a subsidiary of Goodyear, has not received a complete distribution from the Plan; and (ii) a beneficiary or beneficiaries of a participant in the Plan under preceding subparagraph (i).

4.      **"Former Plan Participant"** shall mean (i) a former participant in the Plan whose Plan Account held units in the Goodyear Stock Fund during the Settlement Class Period and who, as of the Reference Date, is not a Current Plan Participant; and (ii) a beneficiary or beneficiaries of such participant.

5.      "**Goodyear Stock**" means the common stock of The Goodyear Tire & Rubber Company ("Goodyear") traded on the New York Stock Exchange under the symbol GT.

6.      "**Net Proceeds**" means the Settlement Fund net of costs or payments set forth in §§ 8.1, 8.2, 8.3 and 11.2 of the Settlement Agreement, including Class Notice, Settlement Plan Administrator fees and expenses, taxes on the Settlement Fund, and any Court approved attorneys' fees and expenses and incentive payments to Lead Plaintiffs.

7.      **"Participant"** means a person who was a participant, as that term is understood under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in the Plan during the Settlement Class Period.

8.      "**Plan**" means both (a) The Goodyear Tire & Rubber Company Employee Savings Plan for Salaried Employees and all predecessor and successor plans, individually and collectively, and any trusts created under that plan and (b) The Goodyear Tire & Rubber Company Employee Savings Plan for Bargaining Unit Employees and all predecessor and successor plans, individually and collectively, and any trusts created under that plan.

9.      **"Reference Date"** shall mean the date not less than fifteen (15) business

days before the expected date of allocation in connection with this Plan of Allocation.

        10.    "**Settlement Class Period**" means January 1, 1998 to December 12, 2007, as defined in the Settlement Agreement.

        11.    "**Settlement Plan Administrator**" means the individual or entity as outlined in Settlement Agreement §§ 1.4.2, 8.3, and 8.3.2 appointed by the Court to perform the calculation described herein, who shall be responsible for administering the Settlement pursuant to the requirements of ERISA and any other applicable law or regulation, and shall be a fiduciary under ERISA with respect to such action.  Neither Lead Plaintiffs, the Settlement Class, Class Counsel, nor Defendants and their counsel shall have any fiduciary role or responsibility for the calculations described herein, or the distribution of the Net Proceeds to Members.

        12.    "**Unlocatable Member**" shall mean a Member who, despite reasonable efforts, cannot be located by the Settlement Plan Administrator by sixty days following the allocation.

## II.  Calculation of Allocation

    A.    As soon as administratively feasible after the Effective Date of the Settlement, the Settlement Plan Administrator shall calculate the share of the Net Proceeds for each Member according to the following methodology:

    B.    For each Member, the Settlement Plan Administrator shall determine the approximate loss ("Net Loss") as follows:

        1.    Net Loss $=(A+B)-(C+D)$, where, for each Member's Account:

        2.    A = the total dollar value of the Account balance, as recorded by the Plan, in the Goodyear Stock Fund on January 1, 1998, or the first day the Member invested in the Goodyear Stock Fund;

3.      B = the total dollar amount of any contribution(s), fund transfer(s) and loan repayments(s) invested in the Goodyear Stock Fund in the Account, if any, during the Settlement Class Period, as recorded by the Plan at the time acquired in the Account; and

4.      C = the dollar amount of any distribution(s), fund transfer(s) and loan disbursement(s) from the Goodyear Stock Fund in the Account, if any, during the Settlement Class Period, as recorded by the Plan at the time disbursed from the Account;

5.      D = the dollar value of the Account invested in the Goodyear Stock Fund on December 12, 2007; and

6.      In performing this calculation, the Net Loss shall be reduced to reflect any forfeiture of shares during the Class Period.

C.      The Net Loss of each individual Member as calculated in Section II.B will be totaled to yield the loss of the Plan as a whole over the Settlement Class Period (the "Plan Loss").

D.      The Settlement Plan Administrator shall calculate for the Account of each Member his or her "Preliminary Fractional Share" of the Plan Loss, which shall be the percentage derived by dividing each Member's Net Loss by the Plan Loss.

E.      The Settlement Plan Administrator shall then calculate for each Member his or her "Preliminary Dollar Recovery" of the Net Proceeds by multiplying the Member's Preliminary Fractional Share by the Net Proceeds.

F.      The Settlement Plan Administrator shall identify all Members whose Preliminary Dollar Recovery is greater than zero but less than fifteen dollars ($15.00) (the "De Minimis Amount").  All such Members' losses shall be deemed to be zero and no payments will be made to such Participants (the "De Minimis Loss Participants").  In such instances, the Settlement Plan

Administrator will return the De Minimis Loss Participants' calculated losses to the Net Proceeds for distribution to other Members whose share of the Net Proceeds was initially calculated to be $15 or greater.

G.      The Settlement Plan Administrator shall then determine the "Final Plan Loss" by subtracting from the Plan Loss the De Minimis amounts for each De Minimis Loss Participant identified in paragraph F.

H.      The Settlement Plan Administrator shall then calculate for each Member who was not a De Minimis Loss Participant (i) his or her "Final Fractional Share" by dividing the Net Loss of each Member who was not a De Minimis Loss Participant by the Final Plan Loss, and (ii) his or her "Final Dollar Recovery" by multiplying the Net Proceeds by each such Members' Final Fractional Share.  The sum of the Final Dollar Recoveries must equal the Net Proceeds.

I.      Any portion of the Net Proceeds due to Unlocatable Members shall be administered in accordance with the Plan's procedures regarding unlocatable participants.

J.      In light of the manner in which the Plan data are kept and the efficacy with which the Plan data can be used to locate Members and to allocate each Member's Final Dollar Recovery, it may be appropriate to modify some of the features of these calculations.  Such modifications shall be acceptable as long as each Member receives his or her share of the Net Proceeds based approximately on the decline in the value of units of the Goodyear Stock Fund that he or she held over the Settlement Class Period as a proportion of the decline in the value of units of the Goodyear Stock Fund held by all Members; and provided, that subsequent distributions take place, if possible, through the Plan as an entity or a sub-trust of the Plan so as to maximize the tax advantages to Members of investment in the Plan.

III.  **Distribution of the Allocated Amounts**

    A.    As soon as practicable after calculating each Member's Final Dollar Recovery pursuant to section II, *supra*, the Net Proceeds shall be dispersed as follows:

    1.    Distributions to Current Plan Participants.

    a.    Class Counsel shall direct the Financial Institution to deposit the portion of the Net Proceeds attributable to Current Plan Participants with The Goodyear Tire & Rubber Company Commingled Trust for the Plan ("Commingled Trust") for allocation by the Plan.

    b.    As promptly as possible after the funds are transferred to the Commingled Trust, the Financial Institution or Class Counsel shall provide the Plan's recordkeeper with the Final Dollar Recovery of each Member who was not a De Minimis Loss Participant which is to be allocated to his or her Account.

    c.    The deposited amount shall be allocated to each Member's investment fund(s) pursuant to the existing election the participant has in effect to invest current contributions, or if no election is in effect, then in the Plan's default investment and treated thereafter and administered for all purposes as income credited to the Current Plan Participant's Account under the Plan and shall be distributed only in accordance with applicable provisions of the Plan.

    2.    Distributions to Former Plan Participants.

    a.    Class Counsel shall direct the Settlement Plan Administrator to deposit the portion of the Net Proceeds attributable to Former Plan Participants into a subtrust of the Commingled Trust for the purpose of holding such amounts pending distribution to the Former Plan Participants.

b. The Settlement Plan Administrator shall be the recordkeeper and fiduciary responsible for the funds in the subtrust.

c. As promptly as possible after the funds are deposited into the subtrust, the Settlement Plan Administrator shall prepare a notice and election forms to be issued to the Former Plan Participants that explains the various options with respect to amounts to which they are entitled in the subtrust.

d. As promptly as possible after deposit of the portion of the Net Proceeds attributable to the Former Plan Participants into the subtrust and creation of a Temporary Account for each Former Plan Participant, the Settlement Plan Administrator shall deposit into each Former Plan Participant's Temporary Account his or her Final Dollar Recovery as calculated.

e. The deposited amount shall be invested in a suitable short term investment vehicle, the primary purpose of which is the preservation of assets, selected by the Settlement Plan Administrator until distributed pursuant to the Former Plan Participant's election made pursuant to paragraph III.2.c.

f. Neither Lead Plaintiffs, the Settlement Class, Class Counsel, Fiduciary Counselors Inc. nor Defendants and their counsel shall be considered fiduciaries with respect to any assets held in the subtrust.

g. The Settlement Plan Administrator shall be assigned all fiduciary responsibility for the subtrust.

h. If any funds in the subtrust are not claimed, they will be returned to the Plan and administered in accordance with the Plan's procedures regarding unlocatable participants.

i.     The Settlement Plan Administrator, or its agents, using the Plan's Employer Identification Number, shall report and remit to the Internal Revenue Service and applicable state revenue agencies any applicable tax withholdings of distributions to Former Plan Participants.

j.     The establishment and payment of funds from a subtrust of the Commingled Trust does not affect the tax qualified status of the Plan nor does it constitute a violation of Title I of ERISA.

k.     To the extent the procedures set forth in (a) through (j) above are not feasible or would be unduly burdensome or expensive to follow, the Parties may modify such procedures subject to the approval of the Independent Settlement Fiduciary.

B.     The Settlement Plan Administrator shall, in the course of calculating the allocations, from time to time consult with Class Counsel.  At least fifteen (15) days prior to the allocation to Members, the Settlement Plan Administrator shall provide to Goodyear's counsel and Class Counsel the methodology used in calculating Account losses as well as a sampling of the summaries, compilations, calculations, or tabulations of the claims and amounts described herein, including a complete listing setting out the amount of allocations to each Member.

## IV.  Continuing Jurisdiction

A.     The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

IT IS SO ORDERED, ADJUDGED AND DECREED.


Dated:  October 22, 2008                    /s/ John R. Adams
                                            John R. Adams
                                            UNITED STATES DISTRICT JUDGE